IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**FILED**

AUG 2 1 2007

DAVID CREWS, CLERK
By_____
Deputy

SCOTT FOSTER NABERS,
A MINOR, by and through his
natural mother, guardian and
next friend, CINDY NABERS
CRAWFORD                                                                    PLAINTIFF

V.                                     CIVIL ACTION NO. 1:07cv202-P-D

ERIC L. THOMAS, M.D.;
O.C.H. ORTHOPEDICS;
O.C.H. BONE & JOINT CENTER;
and JOHN DOES 1-10                                                          DEFENDANTS

## COMPLAINT
### (PLAINTIFF DEMANDS TRIAL BY JURY)

COMES NOW the Plaintiff, Scott Foster Nabers, a Minor, by and through his natural mother, guardian and adult next friend, Cindy Nabers Crawford, and the undersigned counsel of record, and files this Complaint against Defendants Eric L. Thomas, M.D.; O.C.H. Orthopedics; O.C.H. Bone & Joint Center; and John Does 1-10, as follows:

### PARTIES

1. Plaintiff, Scott Foster Nabers (hereinafter, "Plaintiff"), is a minor resident citizen of Marion County, Florida, residing at 2915 S.E. 23rd Avenue, Ocala, FL 34471, and asserts this claim through his natural mother, guardian and adult next friend, Cindy Nabers Crawford, who lives at the same location.

2. Defendant, Eric L. Thomas, M.D. (hereinafter, "Thomas") is an adult resident citizen of Oktibbeha County, Mississippi, and may be served with process of this Court at his place of residence, which is believed to be 801 University Drive, Starkville, MS 39759-3443, or at his place

Page 1 of 5

of business, 307 Hospital Road, Starkville, MS 39759.

3. Defendant O.C.H. Orthopedics is a domestic unincorporated business entity not registered to do business with the Mississippi Secretary of State, but which may be served with process of this Court by serving Eric L. Thomas, M.D., at the address of O.C.H. Orthopedics, 307 Hospital Road, Starkville, MS 39759. Plaintiff asserts that O.C.H. Orthopedics is the alter ego of Eric L. Thomas, M.D., and thus, Eric L. Thomas, M.D. is liable to Plaintiff to the extent O.C.H. Orthopedics is liable to Plaintiff. Plaintiff reserves the right to amend the identity of any entity which owns or controls O.C.H. Orthopedics as one of the presently unknown John Does.

4. Defendant O.C.H. Bone & Joint Center is a domestic unincorporated business entity not registered to do business with the Mississippi Secretary of State, but which may be served with process of this Court by serving Eric L. Thomas, M.D., at the address of O.C.H. Bone & Joint Center, 307 Hospital Road, Starkville, MS 39759. Plaintiff asserts that O.C.H. Bone & Joint Center is the alter ego of Eric L. Thomas, M.D., and thus, Eric L. Thomas, M.D. is liable to Plaintiff to the extent O.C.H. Bone & Joint Center is liable to Plaintiff. Plaintiff reserves the right to amend the identity of any entity which owns or controls O.C.H. Bone & Joint Center as one of the presently unknown John Does.

5. John Does 1-10 include any and all entities, corporations, insurance companies, partnerships and/or individuals who are in any way responsible and/or liable for the tortuous acts described in this complaint, or responsible for paying damages for any tortuous acts described in this complaint. John Does 1-10 include, but are not limited to any entities, corporations, partnerships and individuals who have any ownership interest in, or control over, O.C.H. Bone & Joint Center and O.C.H. Orthopedics, both of which are located at 307 Hospital Road, Starkville, MS 39759.

## JURISDICTION & VENUE

6. This action involves a dispute between parties domiciled in diverse states, and the amount in controversy exceeds the minimum jurisdictional claim of $75,000.00. Therefore, this Court has subject matter jurisdiction through diversity of citizenship. 28 U.S.C.A. §1332. Venue is proper in this Court, as this cause of action accrued in whole or in part in Oktibbeha County, Mississippi, and Defendants are residents of the jurisdictional area encompassed by the United States District Court for the Northern District of Mississippi (Aberdeen Division). 28 U.S.C.A. §1391(a). Prior to the filing of this case, counsel for Plaintiffs had the medical records for Scott Nabers reviewed by an orthopedic surgeon for purposes of confirming that a reasonable basis exists for the commencement of this action pursuant to Miss. Code Ann. § 11-1-58. **Ex. "A."**

### Facts & Claims

7. On August 22, 2005, Scott Nabers sustained a right femur fracture in a motor vehicle accident, and presented himself for treatment in the emergency room of Oktibbeha County Hospital. Scott Nabers was treated by Eric L. Thomas, M.D. with a right femoral retrograde intramedullary rodding procedure. Eric L. Thomas, M.D. negligently performed the procedure, which resulted in the orthopedic hardware protruding into Plaintiff's knee joint. Dr. Thomas was an employee, agent and/or representative of O.C.H. Orthopedics, and O.C.H. Bone & Joint Center at all pertinent times.

8. At some point after November 28, 2005, which was the last time Dr. Thomas examined him, Scott Nabers was treated by Russell Linton, M.D.. Linton opined that the recurrent hemarthrosis and other problems Nabers had was the result of the intramedullary nails and/or rod protruding into his knee joint. Linton subsequently performed surgery to correct the problem, which should have been diagnosed and corrected much sooner by Eric Thomas. Nabers was required to

undergo further orthopedic surgery and medical treatment as a result of the initial negligence of Eric L. Thomas, M.D., and his subsequent failure to diagnose and treat the initial mistake.

9. Defendants owed to Scott Nabers the duty of reasonable care, skill and diligence required of health care providers. Defendants breached the minimum duty of reasonable care, skill, and diligence and were negligent and reckless in a number of ways, including, but not limited to: their failure to provide proper treatment and care; failing to properly diagnose the condition from which Nabers suffered following his surgery on 8/22/05; failing to properly read x-rays clearly indicating that the intramedullary rod was protruding into Naber's knee joint; failing to properly diagnose, recognize, locate and treat the post-surgical symptoms presented by Nabers, and for which he sought treatment; failing to inform Scott, Cindy or Fred Nabers that the intramedullary rod was protruding into Scott Naber's knee joint; impacting the fracture prior to placement of the distal interlocking screws; attempting to repair the fracture without having the proper support; failing to inform Scott, Cindy or Fred Nabers of the risks of the subject procedures and/or treatment and failing to obtain informed consent for such procedures and/or treatment, in that no option was given for purposes of having the invasive surgery performed from the hip of Nabers, as opposed to his knee; performing tests and providing treatment to Nabers which were not medically necessary and/or reasonable; failing to adequately and properly treat the medical condition from which Nabers suffered; and failing to properly train, monitor and supervise employees including but not limited to Eric L. Thomas, M.D., and failing to provide medical records in a timely fashion. The negligence, gross negligence and recklessness on the part of Defendants in failing to follow the minimum standard of care as set out above were a direct and proximate cause of injuries to Scott Nabers.

10. Nabers suffered severe damages including but not limited to past, present and future

medical bills; present, past and future permanent physical injuries, including leg length discrepancies which are expected to cause further medical problems in the future; past, present and future mental, physical and emotional pain and suffering; and past, present and future loss of the enjoyment of life. Further, the conduct of Defendants was so grossly negligent, or in the alternative, done with such reckless disregard for the rights and safety of Nabers that Defendants should be ordered to pay punitive damages.

WHEREFORE PREMISES CONSIDERED, Plaintiff's demand a trial by jury and request that all Defendants be held individually and/or jointly and severally liable for all damages alleged herein, in an amount to be determined by a jury, together with costs, expenses, attorneys fees, pre-judgment interest, and any other relief, equitable or otherwise, deemed just. Plaintiffs reserve the right to amend this complaint in conformance with the evidence.

Respectfully submitted, this the 21st day of August, 2007.

_____
George McDowell Yoder, III
one of the attorneys for Scott
Foster Nabers, a Minor, by and
through his natural mother,
guardian and adult next friend,
Cindy Nabers Crawford

OF COUNSEL:

George McDowell Yoder, III, Esq.
Miss. Bar No. 99719
HOLADAY, YODER, MOOREHEAD, EATON, PLLC
681 Towne Center Boulevard, Suite A
Post Office Box 3372
Ridgeland, Mississippi 39158
Telephone: (601) 969-1800
Facsimile: (601) 956-4478
E-mail: dow@msattys.com

## AFFIDAVIT OF GEORGE M. YODER, III, ESQ.

The undersigned authority personally appeared **GEORGE M. YODER, III, ESQ.**, and who first being made known to me and duly sworn to speak the truth deposes and says as follows:

1. I am **GEORGE M. YODER, III**, a duly licensed attorney of the Mississippi Bar, and one of the attorneys representing Scott Foster Nabers, a Minor, by and through his natural mother, guardian and next friend, Cindy Nabers Crawford (hereinafter, "Plaintiffs") in a medical negligence case against Eric L. Thomas, M.D., O.C.H. Orthopedics, O.C.H. Bone & Joint Center, and John Does 1-10.

2. Pursuant to Miss. Code Ann. § 11-1-58, I certify that I have reviewed the facts and medical records of the case and consulted with an expert orthopedic surgeon, who is qualified, pursuant to the State and Federal Rules of Civil Procedure and Evidence, to give expert testimony as to the standard of care breached and/or negligence committed by the above named Defendants.

3. Further, pursuant to Miss. Code Ann. § 11-1-58, I certify that based on the knowledge of the aforementioned expert in the issues relevant to this case, and on the basis of his review and consultation, a reasonable basis for the commencement of this action exists.

_____
GEORGE M. YODER, III

STATE OF MISSISSIPPI
COUNTY OF Madison

I, the undersigned, a Notary Public, in and for said County in said State, hereby certify that, **GEORGE M. YODER, III**, whose name is signed to the foregoing instrument and who is known to me, acknowledged before me on this date that, being informed of the contents of said instrument, he executed the same voluntarily on the date the same bears date.

Given under my hand and official seal on this the 20th day of August, 2007.

_____
NOTARY PUBLIC



PLAINTIFF'S EXHIBIT "A"