**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**SCOTT FOSTER NABERS, A MINOR,**
**by and through his natural mother, guardian,**
**and next friend, CINDY NABERS CRAWFORD**                                    **PLAINTIFF**

**V.**                                                                                                    **CAUSE NO.: 1:07CV202-SA**

**ERIC L. THOMAS, M.D.,**
**and JOHN DOES 1-10**                                                                          **DEFENDANTS**

<u>**ORDER ON MOTIONS**</u>

Presently before the Court are Plaintiff, Scott Naber's Motion for Continuance [15], Second

Motion for Continuance [16], and Motion to Stay Proceedings [17], Defendant's Motion to Dismiss

[20] and Motion for Summary Judgment [22]. After reviewing the motions, responses, relevant rules

and authorities, the Court makes the following findings:

Plaintiff initiated this action on August 21, 2007, and asserted that Defendant Dr. Eric

Thomas was negligent in failing to perform a retrograde right femoral intramedullary rodding

surgical procedure on August 22, 2005. On December 20, 2007, the Defendant filed his Answer

asserting that Dr. Thomas was an employee of Oktibbeha County Hospital ("OCH"), a community

hospital organized and existing under Title 41 of the Mississippi Code.

Plaintiff asserts that he was not aware that Dr. Thomas was an exclusive employee of OCH

until January 30, 2008. On January 31, 2008, Plaintiff sent a revised notice of claim letter to OCH

administration. As of March 11, 2008, Plaintiff had not received a denial of his claim; therefore, by

motion he asks the Court for an extension of time to amend his complaint, up to and including June

15, 2008, in order to comply with the Mississippi Tort Claims Act notice provisions. Plaintiff also

asks that the Court issue a stay pending amendment of the complaint and substitution of the parties.

The Defendant asserts that the Mississippi Tort Claims Act notice provision is jurisdictional and a condition precedent to commencing an action against a governmental entity. Therefore, Defendant seeks to have Plaintiff's complaint dismissed for failing to comply with the notice provisions of that Act.

The Mississippi Supreme Court has recently addressed this issue in Bunton v. King, 2007-IA-621-SCT, 2008 Miss. LEXIS 447, 2008 WL 4351478 (Sept. 25, 2008). In that case, the Plaintiffs sent a notice of claim letter to the incorrect entity then filed their complaint seven days later. Id. at *2. The Plaintiffs then sought leave to amend their complaint to include the correct defendant. Id. The trial court granted leave and held that because the amended complaint was filed more than ninety days after the notice letter was sent to the correct defendant, the MTCA notice requirement was met. Id. at *3.

On appeal, the Mississippi Supreme Court held that the ninety day notice requirement is jurisdictional. Id. at *4 (citing Miss. Dep't of Pub. Safety v. Stringer, 748 So. 2d 662, 665 (Miss. 1999)). Moreover, the Court recognized that "the ninety-day notice requirement under section 11-46-11(1) is a hard-edged, mandatory rule which the Court strictly enforces." Id. (citing Univ. of Miss. Med. Ctr. v. Easterling, 928 So. 2d 815, 820 (Miss. 2006)). The Court finally held that because the notice requirement is jurisdictional, the trial court never obtained subject-matter jurisdiction; therefore, it erred by failing to grant the defendant's motion to dismiss. Id at *7.

Here, Plaintiff failed to send his notice of claim letter to the OCH administration prior to institution of suit. Therefore, this Court has no jurisdiction over the matter. Accordingly, this action is dismissed without prejudice.

Plaintiff's Motion for Continuance [15], Second Motion for Continuance [16], and Motion

to Stay Proceedings [17] are thus denied. Defendant's Motion to Dismiss [20] and Defendant's Motion for Summary Judgment [22] are denied as moot.

Accordingly, Plaintiff's suit is dismissed without prejudice for failing to comply with the notice requirement of the MTCA. This Court has no jurisdiction over Plaintiff's cause of action.

SO ORDERED, this the 15th day of October, 2008.

 **/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**